ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY L. BORNSTEIN (CABN 99358)
CHARLES F. BISESTO (CABN 271353)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7289
   FAX: (415) 436-7234
   Jeffrey.bornstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 23-CR-406 WHA |
| Plaintiff, | ) |
|  | ) **GOVERNMENT'S OPPOSITION TO** |
| v. | ) **DEFENDANT'S MOTION FOR** |
|  | ) **REASSIGNMENT (Dkt. 23)** |
| DAVID ESCOTO-CANACAS, | ) |
|  | ) Court: Courtroom 12, 19th Floor |
| Defendant. | ) Date: February 13, 2024 |
|  | ) Time: 2 p.m. |

GOV. OPP. TO DEF. MOTION FOR REASSIGNMENT
CR 23-00406 WHA

TABLE OF CONTENTS

A. This Court has not violated Fed. R. Crim. P. 11(c)(1) ........................................................... 1

B. This Court need not seek reassignment under 28 U.S.C. § 144 nor disqualify itself under 28 U.S.C. § 455 .................................................................................................. 3

C. This Court need not recuse itself under principles of Due Process ..................................... 4

# TABLE OF AUTHORITIES

## Cases

Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813 (1986) ........................................................................ 5

Berger v. United States, 255 U.S. 22 (1931) .................................................................................. 4

Connelly v. United States District Court, 191 F.2d 692 (9th Cir. 1951) ....................................... 4

*Liteky v. United States*, 510 U.S. 540 (1994) ............................................................................. 3, 4

*United States v. Allen*, 675 F.2d 1373 (9th Cir. 1980) ................................................................... 4

*United States v. Carignan*, 600 F.2d 762 (9th Cir. 1979) ............................................................. 4

United States v. Davila, 569 U.S. 597 (2013) ................................................................................ 2

United States v. Gonzalez-Melchor, 648 F.3d 959 (9th Cir. 2011) ............................................... 2

*United States v. King*, 985 F.3d 702, 712-713 (9th Cir. 2021) ..................................................... 2

*United States v. Kyle*, 734 F.3d 956 (9th Cir. 2013) ..................................................................... 2

*United States v. Odachyan*, 749 F.3d 798 (9th Cir. 2014) ........................................................... 5

*United States v. Sibla*, 624 F.2d 864 (9th Cir. 1980) .................................................................... 3

*United States v. Studley*, 783 F.2d 934 (9th Cir. 1986) ................................................................ 4

*Withrow v. Larkin*, 421 U.S. 35 (1975) ......................................................................................... 5

## Rules

18 U.S.C. § 3583 ............................................................................................................................ 1

28 U.S.C. § 144 ....................................................................................................................... 1, 3, 4

28 U.S.C. § 455 .......................................................................................................................... 1, 3

28 U.S.C. § 455(b)(1) .................................................................................................................... 4

28 U.S.C. s 455(a) ......................................................................................................................... 4

| | | |
|---|---|---|
| 1 | Constitutional Provisions | |
| 2 | Fed. R. Crim. P. 11(c)(1) ................................................................................................................... | 1 |
| 3 | Fed. R. Crim. P. 11(c)(1)(C) ........................................................................................................ | 1, 2 |
| 4 | Fed. R. Crim. P. 11(c)(3) ................................................................................................................... | 2 |
| 5 | Federal Rule of Criminal Procedure 11(c) ........................................................................................ | 1 |

On January 7, 2024, Defendant David Escoto-Canacas moved to recuse the Court. Dkt. 23. The government opposes the motion. The defendant was prepared to enter into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement but before he could do so, the Court said it would reject the parties' stipulated sentence because it was too lenient.

On October 30, 2023, the defendant was found dealing in the Tenderloin neighborhood and was found to be in possession 11.5 grams of methamphetamine and 20.0 grams of fentanyl. The defendant is a 38-year-old Honduran national. He has been in continuous federal custody since his arrest on October 30, 2023.

The United States firmly stands by its plea offer, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to the defendant, which he has accepted, even though he has not yet entered a guilty plea or filed a signed copy of the agreement with the Court. The parties' disposition, which provides for a time-served sentence, is appropriate in light of the defendant's criminal history, willingness to promptly accept responsibility, and to immediately be subject to consequences, key of which is that he agrees to stay away from the besieged Tenderloin district for three years, or have his supervised release be revoked under the procedures set forth in 18 U.S.C. § 3583.

The Court's questions and concerns about the plea agreement and the government's Tenderloin Initiative did not violate Federal Rule of Criminal Procedure 11(c)'s prohibition upon the court from participating in plea discussions, nor otherwise suggested the kind of bias or prejudice that would warrant reassignment under 28 U.S.C. § 144, disqualification under 28 U.S.C. § 455, or recusal under the Due Process Clause of the Fifth Amendment.[1]

**A.    This Court has not violated Fed. R. Crim. P. 11(c)(1)**

The defendant's allegation that this Court has violated Fed. R. Crim. P. 11(c)(1) is wrong.

Fed. R. Crim. P. 11(c)(1) states that "[t]he court must not participate in" "discussions" between "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro

---

[1] There already was a plea agreement that the parties had agreed to and there was a PSR. The only issue was whether the Court would accept the Plea and sentence the defendant in accordance with the parties negotiated resolution.

GOV. OPP. TO DEF. MOTION FOR REASSIGNMENT
CR 23-00406 WHA                                                                1

se," to "reach a plea agreement."  Rule 11(c)(1) "is intended to eliminate all judicial pressure from plea discussions."  *United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013).  A district court violates Rule 11(c)(1) if it encourages the defendant to plead guilty, *United States v. Davila*, 569 U.S. 597, 601–02, 608 (2013), comments on hypothetical agreements it would or would not accept, *Kyle*, 734 F.3d at 963, or unilaterally modifies a plea agreement, *United States v. Gonzalez-Melchor*, 648 F.3d 959 (9th Cir. 2011).

Rule 11(c)(1) "doesn't hamstring judges from engaging in commonplace interactions with defendants managing its dockets or asking legitimate questions."  *United States v. King*, 985 F.3d 702, 712–13 (9th Cir. 2021).  Indeed, Fed. R. Crim. P. 11(c)(3) permits the court to "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report," if it is "of the type specified in Rule 11(c)(1)(A) or (C)," which is the type of plea offer at issue in this case.  And when rejecting a Rule 11(c)(1)(C) plea agreement, the court "must" not only inform the parties of its decision, but "advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated," and give the defendant the "opportunity to withdraw the plea."  A district court does not violate Rule 11(c)(1) by providing reasons for rejecting the agreement presented.  *Kyle*, 734 F.3d at 963.  It only does so if it its remarks "cross the line into giving an express or implied judicial imprimatur on plea terms."  *King*, 985 F.3d at 712–13.

Here, the Court has not crossed the line.  It has provided its reasons for rejecting the plea agreement,[2] criticizing the government's Tenderloin Initiative, and expressing its view that some custodial sentence beyond that served in jail pending the resolution of this case, is necessary to effectuate deterrence against fentanyl dealers. It did not encourage the defendant to plead guilty, nor did it impermissibly suggest what specific terms of an agreement would be acceptable to it, nor did it modify the terms of the plea agreement.  Accordingly, the Court has not violated Rule 11(c)(1) any more than it would have by stating that it was inclined to accept the plea agreement here and had expressed support for the Tenderloin Initiative in this or another case, or in some other public forum.

---

[2] The parties had already reached an agreement, although the defendant had not yet formally entered his guilty plea.  An unsigned copy of the agreement had been submitted to the Court.

B. **This Court need not seek reassignment under 28 U.S.C. § 144 nor disqualify itself under 28 U.S.C. § 455**

The defendant is also incorrect in his claims that reassignment is necessitated under 28 U.S.C. § 144 and 28 U.S.C. § 455.

28 U.S.C. § 144 requires reassignment of a district judge only where a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

28 U.S.C. § 455 requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or under circumstances including where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Although the procedural requirements for these two statutes are different, "the substantive test for bias or prejudice is identical in sections 144 and 455." *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980).

In discussing recusal jurisprudence, the Supreme Court has explained that "[n]ot *all* unfavorable disposition towards an individual (or his case) is properly described by th[e] terms" "'bias or prejudice.'" *Liteky v. United States*, 510 U.S. 540, 550 (1994). Only a disposition or opinion that is "somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess. . . , or because it is excessive in degree." *Id.* "The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant," but "the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings." *Id.* at 550–51. "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings." *Id.* at 551.

The Supreme Court has also emphasized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. Even judicial "remarks" that are "hostile to" "counsel, the parties, or their cases" "ordinarily do not support a bias or partiality challenge" unless "they reveal an opinion that" both "derives from an extrajudicial source" and "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (giving as an example a judge

GOV. OPP. TO DEF. MOTION FOR REASSIGNMENT
CR 23-00406 WHA                              3

presiding over an espionage case over a German-American who sweepingly characterized German-Americans as all having hearts "'reeking with disloyalty'" (internal citation omitted)). Consistent with the Supreme Court, the Ninth Circuit has held that "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Here, the defendant does not squarely raise an allegation of the Court being biased or prejudiced against *him* specifically, as necessary under 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1), *see United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979), nor of the Court's impartiality. This Court has expressed its view that it is skeptical that a time-served sentence, as provided for in the parties negotiated disposition, is generally sufficient to deter a convicted fentanyl dealer from reoffending. While not the parties' desired outcome, this is not personal bias or prejudice, and it does not reflect a lack of impartiality toward the defendant. What it does reflect is the Court's view on what is sufficient punishment, and general and specific deterrence in the context of a serious and dangerous drug and those who supply it to others, including street dealers.

*United States v. Allen*, 675 F.2d 1373, 1385–86 (9th Cir. 1980), is dispositive. Defendants moved to recuse Judge Conti for saying "importing marijuana was a very serious crime that had a 'cancer'-like effect on society," which defendants argued "reveal[ed] an impermissible appearance of partiality, see 28 U.S.C. s 455(a), and . . . evinced an impermissibly fixed or mechanical view of sentencing." The Ninth Circuit held that Judge Conti's statement was an "unexceptionable restatement of a congressional purpose [that] comes nowhere near the sort of apparent ethnic, political, or personal animus at stake in the cases appellants cite to support their point." *Id.* (citing *Berger v. United States*, 255 U.S. 22, 41 (1931) (German Americans); *Connelly v. United States District Court*, 191 F.2d 692 (9th Cir. 1951) (Communists)). "Neither the source nor the content of Judge Conti's views on marijuana smuggling indicate that recusal would have been proper." *Id.*

The same is true here: Neither the source nor the content of the Court's expressed views on fentanyl dealing indicate that recusal would be proper.

**C.    This Court need not recuse itself under principles of Due Process**

Nor is there merit to the defendant's claim that this Court must recuse itself under principle of Due Process.

1    "'[A] biased decisionmaker [is] constitutionally unacceptable.'" *United States v. Odachyan*, 749
2    F.3d 798, 801 (9th Cir. 2014) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).  But "'[o]nly in the
3    most extreme of cases would disqualification" on the basis of favoritism or antagonism "'be
4    constitutionally required.'" *Id.* (quoting *Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 821 (1986).  This
5    case is clearly not one of those most extreme of cases.

6      In *Odachyan*, the Ninth Circuit rejected a Due Process claim of bias where the judge explained
7    that it was considering the high end of the Guidelines range because "we are talking about an awful lot
8    of money to an organization whose sole purpose is to provide for the medical needs of the most
9    vulnerable in our society," and "I am in constant wonder and amazement why it is so many people come
10   to this country seeking a better life and then prey on this government's institutions . . . and then direct
11   the court to look at the terrible conditions from which they came as somehow an excuse or mitigating
12   factor." 749 F.3d at 801 (internal quotations omitted).  "The district judge did not suggest that all
13   immigrants are criminals at heart regardless of their culpable conduct," but "was responding" to the
14   defendant's "sentencing position," which had "highlighted" his "experiences prior to coming to the
15   United States." *Id.* at 802.  The "district court's statement . . . was offered to explain why the district
16   court was not persuaded by" the defendant's argument." *Id.* at 802–03.  Even if the statement
17   "reflect[ed] a 'general frustration' with the type of argument [the defendant made]," "[t]hat [wa]s not
18   enough 'to overcome the presumption of honesty and integrity that we accord to the determinations of a
19   judge.'" *Id.* at 803 (internal citation omitted).

20      Here, the Court has expressed views regarding a specific sentencing position proffered by the
21   parties in its plea agreement.  Although the government disagrees with these views, and asks it to
22   reconsider them, those views do not indicate extreme favoritism or antagonism warranting recusal under
23   the Due Process Clause.
24   //
25   //
26
27
28

For all the reasons set forth herein, we oppose the motion but stand by our plea agreement with the defendant.

DATED: January 22, 2024          Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/
_____
JEFFREY L. BORNSTEIN
CHARLES F. BISESTO
Assistant United States Attorneys